[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The following facts are derived from the plaintiff's amended complaint and the evidence presented by the parties. On April 8, 1996, the plaintiff, Irwin Scarano, was injured in an automobile accident. The plaintiff alleges that as a result of the accident, he suffered carpel tunnel syndrome in both of his hands. At the time of the accident, the plaintiff had an automobile medical insurance policy with The Hartford Insurance Company (Hartford). Pursuant to the terms of the policy, Hartford scheduled the plaintiff for an independent medical examination to be conducted by the defendant, Dr. Stewart C. Gross. On September 4, 1998, the defendant examined the plaintiff and issued a written medical report. In the report, the defendant stated that although other factors put the plaintiff at risk for carpal tunnel syndrome, in the defendant's opinion, the plaintiff developed bilateral carpal tunnel syndrome as a result of the automobile accident. The defendant also stated that the plaintiff had previously undergone a carpal tunnel procedure on his left hand and because that procedure was associated with the accident and approved as such, he believed that the same could be said for a carpal tunnel procedure on the plaintiff's right hand. The defendant advised that the procedure should be performed in the near future.
Approximately twelve days later, the defendant received a telephone call from Hartford indicating that the prior surgery on the plaintiff's left hand had not been approved by Hartford. On September 16, 1998, at CT Page 8739 Hartford's request, the defendant issued another medical report in which he stated that, in his opinion, the plaintiff's carpal tunnel syndrome was caused by the plaintiff's other risk factors as well as by the accident. The defendant stated that although it was impossible to determine which factors caused the plaintiff's condition, in his opinion, the accident was 15 percent responsible and the other factors were 85 percent responsible, and that he did "not believe that the right carpal tunnel release procedure should be performed based on a previous approval." The defendant indicated he had amended his opinion based on his conversation with Hartford. The defendant acknowledges that he sent the reports to Hartford because they had retained him, and that he did not send either report to the plaintiff. The plaintiff alleges that the defendant was aware that the plaintiff needed insurance coverage to pay for treatment for his condition, and that the defendant changed the report at Hartford's direction and in consideration for Hartford's monetary concerns. As a result of the defendant's change to the medical report, the plaintiff alleges that he was unable to proceed with treatment to his right hand for six months and that this delay caused him mental distress and anguish.
On December 11, 2000, the plaintiff filed a two count amended complaint alleging intentional infliction of emotional distress (count one) and intentional interference with contractual relations (count two).[1] The defendant has filed a motion for summary judgment as to count one.
The defendant argues that its motion for summary judgment should be granted on the grounds that there is no issue of material fact as to whether the defendant's conduct was extreme and outrageous and as to whether the defendant intended to inflict emotional distress on the plaintiff. The defendant argues that his conduct was not extreme and outrageous because he wrote the second report to correct a mistake in the first report and the two reports are consistent. He also contends that he did not intend to inflict emotional distress on the plaintiff. In opposition, the plaintiff argues that the motion should be denied because the defendant's conduct in amending the report at the behest of Hartford and in disregard of the consequences to the plaintiff was extreme and outrageous. The plaintiff also contends that the defendant should have been aware that his conduct would delay the plaintiff's treatment and cause him to suffer emotional distress.
"In order for the plaintiff to prevail in a case for liability under . . . [intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of CT Page 8740 the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks omitted.)Appleton v. Board of Education of Stonington, 254 Conn. 205, 210,757 A.2d 1059 (2000). "Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind. . . . All four elements must be established to prevail on a claim for intentional infliction of emotional distress." (Citations omitted; internal quotation marks omitted.) Biro v. Hirsch, 62 Conn. App. 11, 20, 771 A.2d 129, cert. denied, 256 Conn. 908, (2001).
"Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine. . . . Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. . . . Conduct on the party of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress." (Citations omitted; internal quotation marks omitted.) Appleton v. Board ofEducation of Stonington, supra, 254 Conn. 210-11.
In construing the evidence in favor of the plaintiff, the court finds that the defendant's conduct does not rise to the level of outrageousness. The evidence shows that when the defendant wrote his first report, he believed Hartford had approved the prior surgery to the plaintiff's left hand on the basis that the carpal tunnel injury in that hand was related to the automobile accident, and that he saw no reason why the same injury in the plaintiff's right hand should be treated differently. When he learned that Hartford had not accepted that the injury to the plaintiff's left hand was caused by the accident, he amended his report to reflect this information and to further address the other factors which may have cause the plaintiff's condition. This is not the type of conduct that will support a cause of action for intentional infliction of emotional distress.
In addition, the plaintiff fails to present any evidence on the element of intent. "[I]t is the intent to cause injury that is the gravamen of the tort. . . ." DeLaurentis v. New Haven, 220 Conn. 225, 267, 597 A.2d 807
(1991).
Therefore, the defendant's motion for summary judgment is granted on count one. CT Page 8741
RUSH, J.